IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM T. CAGNEY and EDWARD MANKO, Trustees of THE PITTSBURGH BUILDING OWNERS WELFARE FUND, Plaintiffs, v. SHUBH HOTELS PITTSBURGH LLC, Defendant. | 2:08-cv-1373 |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR SUMMARY JUDGMENT (Document No. 9), which was filed by Plaintiffs, who are trustees of the Pittsburgh Building Owners Welfare Fund (the "Welfare Fund") on May 15, 2009.  On February 13, 2009, the Court entered a Case Management/Scheduling Order which provided that responses to summary judgment motions be filed on or before June 15, 2009.  This Case Management/Scheduling Order was sent to all counsel via CM/ECF.  However, the deadline passed over one month ago and, as of the date of this Memorandum Order, Defendant has not filed a response to the summary judgment motion.

Federal Rule of Civil Procedure 56(e)(2) provides: "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  The Court must still evaluate whether summary judgment is "appropriate."  If the Welfare Fund has failed to satisfy its burden to demonstrate that there are no genuine issues of material fact, the Court should deny the motion for summary judgment, even if the opposing party has offered no response. *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir.1992).

The Welfare Fund filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a),(e),(f) and §1145, as amended, and the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185.  Shubh Hotels

Pittsburgh, LLC ("Shubh") and the International Union of Operating Engineers Local 95 ("Local 95") are parties to a collective bargaining agreement which requires Shubh to make contributions to the Welfare Fund.  Shubh failed to pay required contributions of $80,790.04 from September 2008 through May 2009.  The interest rate on late contributions is one percent(1%) per month and the liquidated damages amount is one percent(1%) per month, as established by the Welfare Fund.  The amount due to the Welfare Fund, including interest and liquidated damages as of May 14, 2009, is $87,751.08.  McBride Affidavit Exhibit B.  Interest and liquidated damages each continue to accrue at the rate of $807.90 per month beyond May 31, 2009.  McBride Affidavit.

This is a very straight-forward case.  Plaintiffs are proper fiduciaries of the Welfare Fund. ERISA mandates that an employer who is obligated to make contributions to a multi-employer plan pursuant to a collective bargaining agreement must actually make such contributions.  29 U.S.C. § 1145.  Shubh was required to make contributions to the Welfare Fund pursuant to its collective bargaining agreement with Local 95, and failed to do so.  Indeed, the Answer filed by Shubh admitted that it owed such contributions.  Thus, Plaintiff is entitled to summary judgment as to liability.

As relief for a failure to make such contributions, ERISA provides as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount

>    not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan . . . .

29 U.S.C. § 1132(g)(2).

Plaintiff is also entitled to summary judgment as to damages. The elements of relief provided in Section 1132(g)(2) are mandatory (i.e., the Court "shall" award the plan. . . ). There are no disputes of material fact as to the unpaid contributions, interest rate or liquidated damages. There has been one full month beyond May 31, 2009. Shubh shall pay damages to the Welfare Fund of $89,366.88 and judgment will be entered in this amount.

Accordingly, the MOTION FOR SUMMARY JUDGMENT (Document No. 9) is **GRANTED**. In addition, the Welfare Fund shall submit a petition for reasonable counsel fees and costs on or before August 10, 2009. Shubh shall file any response thereto on or before August 17, 2009.

SO ORDERED this 27th day of July, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Joseph A. Vater , Jr., Esquire
      Email: jav@muslaw.com

      Joseph F. Quinn, Esquire
      Email: joseph.quinn@bipc.com